

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| MCARTHUR GRIFFIN | § |
| | § |
| Plaintiff | §CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| | § |
| *Versus* | § |
| | § |
| REC MARINE LOGISTICS LLC, ET AL. | §   TRIAL BY JURY DEMANDED |
| | § |
| Defendants | § |

## STATUS CONFERENCE REPORT ON BEHALF OF DEFENDANTS REC et. al.

The Parties consist of REC Marine Logistics, LLC., a Defendant, who was the employer of Plaintiff, Griffin, while he was employed as a deckhand on board the **MV Dustin Danos,** owned by, but not operated by, Offshore Transport Services, LLC. The remaining Defendants are GOL, LLC.; a vessel broker which has nothing whatever to do with Griffin or his employment, and it does not own or operate the **MV Dustin Danos**; and Gulf Offshore Logistics, LLC, which does not and has not had any involvement with the plaintiff or the vessel, and does not currently operate any vessel or conduct any business. It and GOL, LLC, will both seek dismissal by agreement, or by summary judgment, after initial discovery.

All Defendants are presently represented by:

FRED E. SALLEY, T.A. (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana 70434
Telephone: (985) 867-8830
Facsimile (985) 867-3368
Counsel for Defendant, REC
Marine Logistics, LLC, et.al

2)     There are no presently pending motions.

3)     This case is currently at the initial status conference stage at which the following settings are to be set:

Pre-trial conference _____
Jury trial _____

4)     Plaintiff, Griffin, claims he was onboard the **MV Dustin Danos**, and alleges he was injured while making a vessel transfer . Defendant believe that this was alleged erroneously by Griffin, and that no such injury actually occured; or if so, it was minimal and from a non-

EXHIBIT
A

actionable type of vessel or marine operation that is not actionable by a seaman under either GML or Jones Act; and the complaint of, and any injury which may have been sustained, actually is relatable to an injury Griffin sustained at another time and/or place while off the vessel, and for which, notwithstanding; he received substantial Maintenance & Cure, long term medical treatments, and payments including M & C.

In his employment, employment application, and medical exam for work with REC, Griffin denied, and declined to disclose prior accidents, injuries and disabilities, bringing into operation, among others legal issues, the **McCorpen Rule,** and the many subsequent state and federal court opinions following **McCorpin,** which blocks his recovery in this matter.

5)      There have been no discovery discussions or settings thus far.

Respectfully Submitted,

//Fred E. Salley

BY:_____
**FRED E. SALLEY, T.A.   (11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**77378 Hwy 1081 Cretien Annex**
**Covington, Louisiana  70434**
**Telephone: (985) 867-8830**
**Facsimile  (985) 867-3368**
**Counsel for Defendants REC**

## Daniel Sheppard

| | |
|---|---|
| **From:** | fsalleyA <fsalley@acadiacom.net> |
| **Sent:** | Tuesday, May 19, 2020 3:29 PM |
| **To:** | ewd_orders@lamd.uscourts.gov; Daniel Sheppard; Alan Davis |
| **Subject:** | Griffin v. REC-CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| **Attachments:** | Rule26state.pdf |

Tuesday, May 19, 2020 15:25:27

Please find REC and other co-defendants Rule 26 statement attached.

Best regards,


Fred E. Salley




--
This email has been checked for viruses by Avast antivirus software.
https://www.avast.com/antivirus



**Exhibit B**

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO REC MARINE LOGISTICS. LLC

TO:  REC Marine Logistics LLC
c/o Fred E. Salley
Salley & Associates
P.O. Box 3549
77378 Hwy. 1081
Covington, Louisiana 70434

## DEFINITIONS AND INSTRUCTIONS FOR USE

1.  "Plaintiff" means the Plaintiff(s) named in this lawsuit.

2.  The "Incident" means the incident at issue in this lawsuit, specifically, the incident that occurred on or about May 25, 2018 on the MV Dustin Danos. Further allegations and context are contained in Plaintiff's Original (and/or any Amended) Petition for Damages.

3.  "REC Marine" means REC Marine Logistics LLC currently named in this case and any of their affiliates, divisions, parents, subsidiaries, predecessors, successors, assigns, assignees, officers, directors, representatives, agents, employees, partners, and any other persons or entities acting on their behalf or under their control.

4.  The "Location" or "Premises" means the location where the Incident occurred.

5.  "Claim" means all claims for reimbursement of damages allegedly caused by the Incident, including insurance claims.

6.  "That relate to" or "related to" means regarding, relating to, referring to, pertaining to, describing, evidencing, supporting, or discussing the referenced matter.

7.  "Correspondence" means written communications of any kind including documents, electronic message, or other form of recorded information that is mailed, faxed, emailed, sent by text message, sent by instant message, posted to the internet or social media, or otherwise transmitted or communicated between persons or entities.

8.  "Documents" are every original (or copies if you do not have originals) and each non-identical copy, whether different from the original because of marginal notes or other material inserted or attached, and drafts and both sides of any written,

EXHIBIT
B

printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, including all attachments and appendices, whether sent or received or neither, including, but not limited to: books, records, papers, pamphlets, brochures, circulars, advertisements, drawings, sketches, graphs, charts, plans, ledger accounts, audits, financial statements, annual or other periodic reports, permits, calendars, appointment books, diaries, telephone bill and toll card records, expense reports, itineraries, agendas, checkbooks, canceled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications, recasts, photographs, photographic slides or negatives, films, filmstrips, tapes, recordings, electronic mail, text messages, instant messages, Facebook messages, Twitter messages, any other social media messages, CDs, DVDs, X-rays, and any other information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes copies and programming instructions and other materials necessary to understand such systems.

9.   "Materials" are all documents and correspondence."

10.   Each" means each and every.

11.   "Including" means including but not limited to.

12.   "Person" means any natural person and any entity, including any corporation, association, or other business enterprise.

13.   "Petition" or "Complaint" means a pleading seeking relief in this cause.

14.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that otherwise might be considered outside its scope.

15.   The use of the singular form of any word includes the plural and vice versa.

16.   "Relating to," "related to," "regarding," or "referring to" shall mean directly or indirectly mentioning or describing, discussing, pertaining to, being connected with, or reflecting upon, in whole or in part, the stated subject matter.

17.   "Communication(s)" shall mean any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies, cables or some other electronic or other medium.

18.   "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

NOW COMES PLAINTIFF, MCAUTHOR GRIFFIN, through undersigned counsel, who propounds the following Requests for Admission upon Defendant REC MARINE LOGISTICS LLC in accordance with notice under the provisions of the Louisiana Code of Civil Procedure, Articles 1466, 1467, 1468, and 1428 as follows:

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT REC MARINE LOGISTICS

**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 1.** Admit Plaintiff properly named REC Marine in Plaintiff's initial and subsequent Petition(s).

**REQUEST FOR ADMISSION NO. 2.** Admit REC Marine is a proper party to this lawsuit.

**REQUEST FOR ADMISSION NO. 3.** Admit venue in the Parish of East Baton Rouge is proper for REC Marine.

**REQUEST FOR ADMISSION NO. 4.** Admit venue in the Parish of East Baton Rouge is a convenient for REC Marine and its witnesses.

**REQUEST FOR ADMISSION NO. 5.** Admit on or about May 25, 2018, Plaintiff was employed by REC Marine.

**REQUEST FOR ADMISSION NO. 6.** Admit that at the time of the Incident, the *MV Dustin Danos* was deployed on navigable waters.

**REQUEST FOR ADMISSION NO. 7.** Admit at the time of the Incident Plaintiff was a seaman.

**REQUEST FOR ADMISSION NO. 8.** Admit at the time of the Incident Plaintiff contributed to the work of the *MV Dustin Danos*.

***REQUEST FOR ADMISSION NO. 9.*** Admit at the time of the Incident, Plaintiff sustained injuries while in the course and scope of his employment aboard the *MV Dustin Danos*.

**REQUEST FOR ADMISSION NO. 10.** Admit that prior to Plaintiff's reported injury, Plaintiff's conduct and ability aboard the *MV Dustin Danos* was satisfactory.

**REQUEST FOR ADMISSION NO. 11.** Admit at the time of the Incident Plaintiff contributed to the work of the *MV Dustin Danos*.

***REQUEST FOR ADMISSION NO. 12.*** Admit Plaintiff is not contributorily negligent at the time of his accident aboard the *MV Dustin Danos*.

**REQUEST FOR ADMISSION NO. 13.** Admit that at the time of the Incident, Plaintiff was under instructions to perform the work he was performing.

**REQUEST FOR ADMISSION NO. 14.** Admit the *MV Dustin Danos* was unseaworthy at the time of Plaintiff's Incident.

**REQUEST FOR ADMISSION NO. 15.** Admit REC Marine denied adequate medical care to Plaintiff for the injuries sustained in the accident.

**REQUEST FOR ADMISSION NO. 16.** Admit REC Marine denied the payment of maintenance to Plaintiff for the injuries he sustained as a result of the Incident.

**REQUEST FOR ADMISSION NO. 17.** Admit at the time of the Incident Plaintiff contributed to the work of the *MV Dustin Danos*.

**REQUEST FOR ADMISSION NO. 18.** Plaintiff was able-bodied and in good health when the Incident that is the basis of this lawsuit occurred.

**REQUEST FOR ADMISSION NO. 19.** Admit that Plaintiff did not violate any written or oral instruction, rule, regulation, code, standard, understanding, practice, custom, or law related to the Incident.

*REQUEST FOR ADMISSION NO. 20.* Admit at the time of the Incident, Plaintiff spent a significant amount of his time working as a crewmember aboard the *MV Dustin Danos.*

**REQUEST FOR ADMISSION NO. 21.** Admit you have no evidence Plaintiff fraudulently concealed a material pre-existing medical condition which is causally related to the injuries Plaintiff alleges were sustained as a result of the Incident.

**REQUEST FOR ADMISSION NO. 22.** Admit Plaintiff did not and has not fraudulently concealed a material pre-existing medical condition which is causally related to the injuries Plaintiff alleges were sustained as a result of the Incident.

**REQUEST FOR ADMISSION NO. 23.** Admit REC Marine is aware the Plaintiff requires additional medical treatment to recover from the injuries sustained as a result of the Incident aboard the *MV Dustin Danos.*

**REQUEST FOR ADMISSION NO. 24.** Admit Plaintiff is entitled to maintenance and cure.

**REQUEST FOR ADMISSION NO. 25.** Admit REC Marine is obligated to pay Plaintiff maintenance and cure.

**REQUEST FOR ADMISSION NO. 26.** Admit REC Marine has willfully failed to pay Plaintiff maintenance and cure.

**REQUEST FOR ADMISSION NO. 27.** Admit REC Marine has wantonly failed to pay Plaintiff maintenance and cure.

**REQUEST FOR ADMISSION NO. 28.** Admit REC Marine has recklessly failed to pay Plaintiff maintenance and cure.

**REQUEST FOR ADMISSION NO. 29.** Admit REC Marine continues to willfully, wantonly, and recklessly fail to pay Plaintiff maintenance and cure.

**REQUEST FOR ADMISSION NO. 30.** Admit REC Marine has willfully failed to pay Plaintiff the proper amount of maintenance and cure.

**REQUEST FOR ADMISSION NO. 31.** Admit REC Marine has wantonly failed to pay Plaintiff the proper amount of maintenance and cure.

**REQUEST FOR ADMISSION NO. 32.** Admit REC Marine has recklessly failed to pay Plaintiff the proper amount of maintenance and cure.

**REQUEST FOR ADMISSION NO. 33.** Admit REC Marine continues to willfully, wantonly, and recklessly fail to pay Plaintiff the proper amount of maintenance and cure.

**REQUEST FOR ADMISSION NO. 34.** Admit REC Marine has willfully delayed payment of Plaintiff's maintenance and cure.

**REQUEST FOR ADMISSION NO. 35.** Admit REC Marine has wantonly delayed payment of Plaintiff's maintenance and cure.

**REQUEST FOR ADMISSION NO. 36.** Admit REC Marine has recklessly delayed payment of Plaintiff's maintenance and cure.

**REQUEST FOR ADMISSION NO. 37.** Admit REC Marine continues to willfully, wantonly, and recklessly delay payment of Plaintiff's maintenance and cure.

**REQUEST FOR ADMISSION NO. 38.** Admit REC Marine has willfully terminated Plaintiff's maintenance and cure without good cause.

**REQUEST FOR ADMISSION NO. 39.** Admit REC Marine has wantonly terminated Plaintiff's maintenance and cure without good cause.

**REQUEST FOR ADMISSION NO. 40.** Admit REC Marine has recklessly terminated Plaintiff's maintenance and cure without good cause.

**REQUEST FOR ADMISSION NO. 41.** Admit that on or about May 25, 2018, while the *MV Dustin Danos* was deployed on navigable waters, Plaintiff suffered serious injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 42.** Admit that, at the time of the Incident, the Captain for the *MV Dustin Danos* (who was an employee for REC Marine) allowed the vessel to move suddenly during a man-lift operation.

**REQUEST FOR ADMISSION NO. 43.** Admit Plaintiff suffered serious injuries to his shoulder, neck, back, legs, and other body parts because the Captain for the *MV Dustin Danos* (who was an employee for REC Marine) allowed the vessel to move suddenly during a man-lift operation.

**REQUEST FOR ADMISSION NO. 44.** Admit that allowing the *MV Dustin Danos* to move suddenly during a man-lift operation constitutes negligence.

**REQUEST FOR ADMISSION NO. 45.** Admit that allowing the *MV Dustin Danos* to move suddenly during a man-lift operation caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 46.** Admit that at the time of the Incident REC Marine failed to properly train the employees aboard the *MV Dustin Danos.*

**REQUEST FOR ADMISSION NO. 47.** Admit that REC Marine's failure to properly train its employees constitutes negligence.

**REQUEST FOR ADMISSION NO. 48.** Admit that REC Marine's failure to properly train its employees caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 49.** Admit that at the time of the Incident REC Marine failed to properly supervise the crew aboard the *MV Dustin Danos.*

**REQUEST FOR ADMISSION NO. 50.** Admit that REC Marine failing to supervise the crew aboard the *MV Dustin Danos* constitutes negligence.

**REQUEST FOR ADMISSION NO. 51.** Admit that REC Marine's failure to supervise the crew aboard the *MV Dustin Danos* caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 52.** Admit that at the time of the Incident REC Marine failed to provide adequate safety equipment to the crew aboard the *MV Dustin Danos.*

**REQUEST FOR ADMISSION NO. 53.** Admit that REC Marine failing to provide safety equipment to the crew (including Plaintiff) aboard the *MV Dustin Danos* constitutes negligence.

**REQUEST FOR ADMISSION NO. 54.** Admit that REC Marine's failure to provide safety equipment to the crew aboard the *MV Dustin Danos* caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 55.** Admit that at the time of the Incident REC Marine failed to watch/man the controls of the *MV Dustin Danos.*

**REQUEST FOR ADMISSION NO. 56.** Admit that REC Marine failing to watch/man the controls of the *MV Dustin Danos* constitutes negligence.

**REQUEST FOR ADMISSION NO. 57.** Admit that REC Marine's failure to watch/man the controls of the *MV Dustin Danos* caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 58.** Admit that at the time of the Incident REC Marine operated the *MV Dustin Danos* with an inadequate crew.

**REQUEST FOR ADMISSION NO. 59.** Admit that REC Marine operating the *MV Dustin Danos* with an inadequate crew constitutes negligence.

**REQUEST FOR ADMISSION NO. 60.** Admit that REC Marine's operation of the *MV Dustin Danos* with an inadequate crew caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 61.** Admit that at the time of the Incident REC Marine failed to provide Plaintiff with a safe work environment.

**REQUEST FOR ADMISSION NO. 62.** Admit that REC Marine failing to provide Plaintiff with a safe work environment constitutes negligence.

**REQUEST FOR ADMISSION NO. 63.** Admit that REC Marine's failure to provide Plaintiff a safe work environment caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 64.** Admit that at the time of the Incident REC Marine failed to protect crewmembers of the *MV Dustin Danos* from unnecessary risks.

**REQUEST FOR ADMISSION NO. 65.** Admit that REC Marine failing to protect the crewmembers of the *MV Dustin Danos* from unnecessary risks constitutes negligence.

**REQUEST FOR ADMISSION NO. 66.** Admit that REC Marine's failure to protect Plaintiff from unnecessary risks caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 67.** Admit that at the time of the Incident REC Marine crewmembers (excluding Plaintiff) failed maintain a proper lookout aboard the *MV Dustin Danos.*

**REQUEST FOR ADMISSION NO. 68.** Admit that REC Marine crewmembers' (excluding Plaintiff) failure to maintain a proper lookout aboard the *MV Dustin Danos* constitutes negligence.

**REQUEST FOR ADMISSION NO. 69.** Admit that REC Marine crewmembers' (excluding Plaintiff) failure to maintain a propor lookout aboard the *MV Dustin Danos* caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 70.** Admit that at the time of the Incident REC Marine failed to make adequate repairs to the *MV Dustin Danos*.

**REQUEST FOR ADMISSION NO. 71.** Admit that REC Marine failing to make adequate repairs to the *MV Dustin Danos* constitutes negligence.

**REQUEST FOR ADMISSION NO. 72.** Admit that REC Marine's failure to make adequate repairs to the *MV Dustin Danos* caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 73.** Admit that at the time of the Incident the crew (excluding Plaintiff) and the *MV Dustin Danos* were unseaworthy.

**REQUEST FOR ADMISSION NO. 74.** Admit that the unseaworthiness of the *MV Dustin Danos* and her crew (excluding Plaintiff) constitutes negligence.

**REQUEST FOR ADMISSION NO. 75.** Admit that the unseaworthiness of the *MV Dustin Danos* and her crew (excluding Plaintiff) caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 76.** Admit that at the time of the Incident REC Marine failed to ensure the *MV Dustin Danos* was properly maintained.

**REQUEST FOR ADMISSION NO. 77.** Admit that REC Marine failing to properly maintain the *MV Dustin Danos* constitutes negligence.

**REQUEST FOR ADMISSION NO. 78.** Admit that REC Marine's failure to properly maintain the *MV Dustin Danos* caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

These Requests for Admission are deemed continuing. Failure to respond to these Requests for Admission within the appropriate time delays will result in them being deemed admitted.

Respectfully Submitted,
MORROW & SHEPPARD LLP

Daniel E. Sheppard
State Bar No. 38076
dsheppard@morrowsheppard.com
All E-Service Copy To:
msfiling@morrowsheppard.com
3701 Kirby Dr, Ste 1000
Houston, TX 77098
713.489.1206 tel
713.893.8370 fax

CLAYTON, FRUGE & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1
South Port Allen, Louisiana 70767
(225) 344-7000 (tel)
(225) 383-7631     (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on counsel of record by fax, by U.S. Mail (properly addressed and postage prepaid, or by any other authorized means on February ___ 2020.

Daniel E. Sheppard



**Exhibit C**

| | | |
|---|---|---|
| MCARTHUR GRIFFIN | § | |
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| | § | |
| *Versus* | § | |
| | § | |
| REC MARINE LOGISTICS LLC, ET AL. | § | **TRIAL BY JURY DEMANDED** |
| | § | |
| Defendants | § | |

## PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure, Plaintiff submits these requests for production and interrogatories to (a) Rec Marine Logistics, LLC; (b) Gulf Offshore Logistics, LLC; (c) GOL, LLC; and (d) Offshore Transport Services, LLC upon which they are served. Within thirty (30) days after service of these requests, Defendants must (a) respond to each request and interrogatory separately in writing, and (b) produce the documents or things requested herein to Daniel E. Sheppard at the offices of Morrow & Sheppard LLP.

EXHIBIT
C

## DEFINITIONS

1. "Plaintiff" means McArthur Griffin.[1]

2. "Defendant(s)" means, Rec Marine Logistics, LLC; Gulf Offshore Logistics, LLC; Gol, LLC; And Offshore Transport Services, LLC, as well as their affiliates, divisions, parents, subsidiaries, predecessors, successors, assigns, assignees, officers, directors, representatives, agents, employees, partners, and any other persons or entities acting on their behalf.

3. "Incident" refers to the incident on or about May 2018 involving Plaintiff and made the basis of this Lawsuit and the events giving rise to the Incident.

4. "Lawsuit" shall refer to this lawsuit.

5. "You" or "Your" shall refer to the Defendant.

6. "Documents" shall mean all documents an tangible things, in the broadest sense allowed under the Federal Rules of Civil Procedure, including but not limited to every original (or copies if you do not have originals) and each non identical copy, whether different from the original because of marginal notes or other material inserted or attached, and drafts and both sides of any written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, including all attachments and appendices, whether sent or received or neither, including, but not limited to: books, records, papers, pamphlets, brochures, circulars, advertisements, drawings, sketches, graphs, charts, plans, ledger accounts, audits, financial statements, annual or other periodic reports, permits, calendars, appointment books, diaries, telephone bill and toll card records, expense reports, itineraries, agendas, checkbooks, canceled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications, recasts, photographs, photographic slides or negatives, films, filmstrips, tapes, recordings, electronic mail, text messages, instant messages, Facebook messages, Twitter messages, other social media messages, CDs, DVDs, X-rays, and any other information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes copies and programming instructions and other materials necessary to understand such systems.

7. "Relating to," "related to," "regarding," or "referring to" shall mean directly or indirectly mentioning or describing, discussing, pertaining to, being connected with, or reflecting upon, in whole or in part, the stated subject matter.

8. "Communication(s)" shall mean any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies,

---

[1] Documents produced by Defendants name Plaintiff as McArthur Griffin. The definition for Plaintiff includes McArthur Griffin.

cables or some other electronic or other medium.

9. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

10. Unless otherwise indicated, documents requested herein are documents referring to, relating to, or prepared during the last ten years.

## INSTRUCTIONS

1. Please produce all responsive documents in the same file or organizational environment in which they are maintained. For example, produce a document that is part of a file or other grouping together with all other documents from the file or other grouping responsive to the request, in the same order or manner of arrangement as the original.

2. These requests specifically call for production of electronic and magnetic data responsive to the request in addition to physical documents or objects. Please produce such electronic and magnetic date in its native format. When producing electronic documents, please identify the software and version number needed to review the electronic data.

3. If a privilege is claimed with regard to any material or information, provide a description of the withheld material or information in compliance with Federal Rule of Civil Procedure 26(b)(5) within 15 days.

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO REC MARINE LOGISTICS, LLC; GULF OFFSHORE LOGISTICS, LLC; GOL, LLC; AND OFFSHORE TRANSPORT SERVICES, LLC

**REQUEST 1:** Produce all Documents supporting Defendants' contention that Plaintiff intentionally concealed and/or misrepresented pertinent medical facts prior to his employment. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**REQUEST 2:** Produce all Documents reflecting the pre-employment disclosure of medical facts and/or pre-existing injuries for persons hired by Defendants, as well as any Documents reflecting the Defendants' discussion/analysis of such facts or injuries before they were hired. For the purposes of this request for production, the Documents being requested are those for employees that worked aboard vessels owned, operated, controlled, and/or managed by Defendants and/or for persons hired that were/are classified as seamen. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**REQUEST 3:** Produce all Documents supporting Defendants' contention that Plaintiff's alleged intentional concealment and/or misrepresentation of pertinent medical facts materially affected Defendants' decision to hire Plaintiff. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**REQUEST 4:** Produce all Documents related to incidents that resulted in injuries sustained in connection with a basket transfer to or from a vessel owned, operated, controlled, and/or managed by Defendants.

## PLAINTIFF'S SECOND INTERROGATORIES TO REC MARINE LOGISTICS, LLC; GULF OFFSHORE LOGISTICS, LLC; GOL, LLC; AND OFFSHORE TRANSPORT SERVICES, LLC

**INTERROGATORY 1:** Identify by Bates number all Communications from Plaintiff that Defendants' contend constitutes intentional concealment and/or misrepresented pertinent medical facts by Plaintiff that materially affected Defendants decision to hire Plaintiff. This interrogatory seeks information related to Defendants claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**INTERROGATORY 2:** Identify and fully explain the alleged factual causal link between the alleged concealed pre-existing injuries and Plaintiff's claimed injuries. This interrogatory seeks information related to Defendants claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**INTERROGATORY 3:** Identify all persons who disclosed medical facts and/or pre-existing injuries before they were hired.

Respectfully Submitted,

MORROW & SHEPPARD LLP

*/s/Daniel E. Sheppard*
Daniel E. Sheppard
State Bar No. 38076
dsheppard@morrowsheppard.com
All E-Service Copy To:
msfiling@morrowsheppard.com
3701 Kirby Dr, Ste 1000
Houston, TX 77098
713.489.1206 tel
713.893.8370 fax

CLAYTON, FRUGE & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1
South Port Allen, Louisiana 70767
(225) 344-7000 (tel)
(225) 383-7631 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on counsel of record by email on March 2, 2021.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard



**Exhibit D**

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

MCARTHUR GRIFFIN        §
                                    §

        Plaintiff           §
                                    §    CIVIL ACTION NO.: 3:20-92-BAJ-EWD
                                    §

        *Versus*            §
                                    §

REC MARINE LOGISTICS LLC, ET AL.    §    **TRIAL BY JURY DEMANDED**
                                    §

        Defendants       §

## PLAINTIFF'S NOTICE OF DEPOSITION OF DEFENDANT REC MARINE LOGISTICS, LLC

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), plaintiff will take the deposition(s) upon oral examination, to be recorded by stenographic means and/or videotape, at the offices of Pusateri, Johnston, Guillot & Greenbaum, on the topics listed on the attached Exhibit A. The deposition(s) will commence at 10:00 a.m. on April 19, 2021 and will continue from day to day until completed. The witness will be questioned about and required to offer testimony on behalf of the Defendant concerning the topics listed in the attached **Exhibit "A"**. The witness may be questioned in their individual capacity.

EXHIBIT

D

# EXHIBIT A

1.  Your factual contentions as to the cause of the Incident, what happened leading up to and during the Incident, and what happened in response to the Incident.
2.  Dealings and communications with Plaintiff.
3.  Conditions on the M/V Dustin Danos at the time of the Incident.
4.  Your factual contentions as to Plaintiff's alleged injuries, including but not limited to any factual contentions that Plaintiff was not injured, that the Incident did not happen, the Plaintiff is faking his injury, and/or that his injury is wholly the result of a pre-existing condition.
5.  Facts and circumstances surrounding other injuries on the M/V Dustin Danos.
6.  Your policies and procedures governing the work going on at the time of the Incident.
7.  All compensation and benefits paid to or otherwise available to McArthur Griffin ("Griffin") as an employee of Rec Marine Logistics LLC ("Rec Marine") as of the year of his accident.
8.  All actions taken by or on behalf of you upon being informed of the injury to Plaintiff. This topic refers to the injury where Griffin was smashed between the large box and the man basket. *See* Personal Incident Status Report with the date June 20, 2018.
9.  All efforts taken by or on behalf of you or on its behalf to investigate the accident and injury complained of in Plaintiff's Petition for Damages (including any supplements and amendments).
10. A description of the M/V DUSTIN DANOS including, without limitation, the area where Plaintiff alleges to have been "smashed between the large box and the man basket."
11. All interviews taken in connection with Plaintiff's claim that he was injured while in the service of the M/V DUSTIN DANOS on or about May 2018 where he was "smashed between the large box and the man basket."
12. All allegations contained in the "Answer to Complaint" and defenses.
13. A description of any surveillance of Plaintiff, including surveillance that has or will take place.
14. Your defenses to the allegations in Plaintiff Petition for Damages (including any supplements and amendments).

15. The existence or non-existence of documents supporting Your factual contentions.
16. Your discovery responses, and interpretation of the documents produced.
17. All agreements, written or otherwise, governing the work at the platform at the time of the Incident.
18. Your relationship with the other parties to this lawsuit.
19. Ownership and operation of the M/V DUSTIN DANOS during the years 2018 and 2019.
20. Description of all records relating to the ownership, operation, chartering and/or maintenance of the M/V DUSTIN DANOS from 2017 until the present.
21. The basis for your refusal to pay maintenance and cure benefits to Plaintiff and a description of all documents or other records or things on which You rely upon for Your denial.
22. Your knowledge of any defects or potential hazards relating to propelling or moving the M/V DUSTIN DANOS

23. Your knowledge of any defects or potential hazards relating to equipment used in the wheelhouse to move and/or propel the M/V DUSTIN DANOS

24. Your knowledge of any defects or potential hazards relating to communications equipment used when the crew of the M/V DUSTIN DANOS is conducting a man basket transfer

25. Description of all communications relating in any way to Plaintiff's alleged accident.

26. Policies changed as a result of Griffin's incident where he alleges that he was smashed between the large box and the man basket.

27. Any information/facts known or reasonably believed to be known by Defendants, Brian Harris, Blaine Russell, Michael Hauglund, Joshua Winhauer, William Badeaux, Casey Curule, Chris Ryon, David Griffin, Mandy Melancon, Alex Griffin, and Olivia Channing concerning any allegation or defense raised in the Petition for Damages (including amendments and supplements) and Rec Marine, GOL, Gulf Offshore, and OTS' Answer.

28. Your answers and responses to Plaintiff's discovery to you.

29. The basis for your allegation that any damages sustained by Griffin is his "own fault, neglect, misconduct, inattention, or breach of duty."

30. The basis for your allegation that any Griffin failed to "mitigate his damages."

31. The basis for your allegation that any damages sustained by Griffin were "the result of results of the acts and/or omissions, commissions, negligence and/or breach of duty of other parties or third parties, over whom defendant had no control and for which acts and/or omissions the defendants, serially or individually, has no responsibility, legal or otherwise, which contributed in varying combinations and degrees with the negligence, fault and/or breach of duty of the plaintiff."

32. The basis for your allegation that any damages sustained by Plaintiff were the result of Plaintiff "normal job, duties, and occupational tasks, without any fault or neglect of these defendants, and he is therefore estopped from making claims for normal risks assumed as incidental and inherent in the nature of his Jones Act employment."

33. A description of all liability insurance reasonably believed to provide coverage to the owner and/or operator of the vessel on which Plaintiff was injured for claims for personal injury such as the claim by Plaintiff herein.

34. All actions taken by or on behalf of you in connection with your hiring of Plaintiff.

35. A description of the jobs held by the crew at the time of Plaintiff's injury that forms the basis of this lawsuit.

36. Job requirements for the job Plaintiff was hired to perform.

37. A description of all pre-hire screening, including medical, of Plaintiff, and the results of the screening.

38. A description of the work taking place at the time of Plaintiff's accident where he alleges to have been "smashed between the large box and the man basket."

39. The company/ies and personnel involved in the work taking place at the time of Plaintiff's accident where he alleges to have been "smashed between the large box and the man basket."

Respectfully Submitted,

MORROW & SHEPPARD LLP

*/s/Daniel E. Sheppard*
Daniel E. Sheppard
State Bar No. 38076
dsheppard@morrowsheppard.com
All E-Service Copy To:
msfiling@morrowsheppard.com
3701 Kirby Dr, Ste 1000
Houston, TX 77098
713.489.1206 tel
713.893.8370 fax

CLAYTON, FRUGE & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1
South Port Allen, Louisiana 70767
(225) 344-7000 (tel)
(225) 383-7631 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on counsel of record by email on April 12, 2021.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard



**Exhibit E**

1          UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF LOUISIANA
2

   McARTHUR GRIFFIN,            :    Case No. 3:20-cv-092-BAJ-EWD
3
        Plaintiff,             :
4
             v.                :    Baton Rouge, Louisiana
5                                   June 24, 2021
   REC MARINE LOGISTICS, LLC,   :
6  ET AL.,
                               :
7       Defendants.
                               :
8  : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

9
                    TRANSCRIPT OF MOTION HEARING
10          BEFORE THE HONORABLE ERIN WILDER-DOOMES,
                 UNITED STATES MAGISTRATE JUDGE
11
   APPEARANCES (via Zoom):
12
   For the Plaintiff:          Morrow & Sheppard LLP
13                             BY:  DANIEL SHEPPARD, ESQ.
                               5151 San Felipe St., Ste. 100
14                             Houston, TX   77056

15 For Defendants, REC Marine   Pusateri Johnston
   Logistics, LLC, GOL, LLC,   BY:  KYLE A. KHOURY, ESQ.
16 Gulf Offshore Logistics,    1100 Poydras Street, Suite 2250
   LLC, and Offshore Transport New Orleans, LA   70163
17 Services, LLC:

18
   AUDIO OPERATOR:             BRANDY ROUTE
19

20 TRANSCRIPT PREPARED BY:     JANICE RUSSELL TRANSCRIPTS
                               1418 Red Fox Circle
21                             Severance, CO   80550
                               (757) 422-9089
22                             trussell31@tdsmail.com

23
   Proceedings recorded by electronic sound recording; transcript
24 produced by transcription service.

25

EXHIBIT

E

APPEARANCES (via Zoom continued):

For Defendant, QBE Insurance    Lugenbuhl
(Europe) Limited:               BY:   ALAN R. DAVIS, ESQ.
                                601 Poydras Street, Suite 2775
                                New Orleans, LA  70130

1                    P R O C E E D I N G S

2          THE COURTROOM DEPUTY:  Civil Matter 20-92, Griffin

3    versus REC Marine Logistics, et al.

4          THE COURT:  All right, Counsel.  I'm going to ask you

5    to make your appearances, please, starting with Mr. Sheppard.

6          MR. SHEPPARD:  Daniel Sheppard for the plaintiff,

7    McArthur Griffin.

8          MR. KHOURY:  Kyle Khoury on behalf of the defendants.

9          MR. DAVIS:  And Alan Davis on behalf of the insurance

10   defendant, QBE.

11         THE COURT:  All right.

12         Okay, gentlemen.  I wanted to have a hearing to

13   discuss the Amended Motion to Compel, which is, at least it

14   appears to me to be related to information that relates solely

15   to the possibility of the defendant raising a McCorpen defense,

16   or one of the defendants, I guess, whomever was the employer

17   raising the McCorpen defense.

18         So first, let me ask, Mr. Sheppard, is it fair to say

19   that the information that you're seeking in these discovery

20   requests is only related to the, the issue of the McCorpen

21   defense?

22         MR. SHEPPARD:  Yes, your Honor, and specifically to

23   the materiality prong of the McCorpen defense.

24         THE COURT:  All right.

25         And there seems to be some disagreement in the

1  briefing about who Mr. Griffin's employer actually was. Is it

2  REC Marine?

3        MR. SHEPPARD: Yes, your Honor. Sorry if I was

4  unclear with the, the way I responded. He worked for REC. He,

5  he worked for REC Marine at the time of his injury. Prior to

6  that, he worked for a company named J&B and there was some sort

7  of confusion in the deposition testimony if that also included

8  Gulf Offshore Logistics. Those companies then merged into REC

9  Marine --

10        THE COURT: Okay.

11        MR. SHEPPARD: -- in 2016.

12        THE COURT: So at this point Mr. Griffin is not

13  contending that any entity other than REC Marine would be

14  liable for maintenance and cure?

15        MR. SHEPPARD: Correct, your Honor.

16        THE COURT: Okay. All right.

17        Okay. And, Mr. Khoury, has any defendant that you

18  represent pled the McCorpen defense?

19        MR. KHOURY: No. So, your Honor, in the pleadings,

20  no. Well, let me say in an answer, no. There was a former

21  attorney who was enrolled for the defendants. We substituted

22  in, I believe, at the end of 2020 and since this motion to

23  compel was filed and the plaintiff raised the fact that it had

24  not actually been pled was the first time we were aware that

25  prior counsel had not pled that as a defense.

1    So we do plan within the next few days to file a

2  motion for leave to amend the answer just to assert that

3  defense.  I think as plaintiff's counsel points out prior

4  counsel did indicate it in a status report that had been filed

5  previously that the McCorpen defense was at issue.  So I don't

6  think, I mean, it's been on plaintiff's radar for, I would say,

7  at the very least six to seven months, probably longer than

8  that.  But in prior -- in the answer filed by prior counsel it

9  was not formally pled.

10    THE COURT:  Okay.  So, so there is an intention to

11  move for leave to amend the answer to actually assert the

12  defense?

13    MR. KHOURY:  Correct, your Honor.

14    THE COURT:  Okay.

15    Is there going to be an opposition to that request,

16  Mr. Sheppard?

17    MR. SHEPPARD:  To the extent that the materials that

18  were not, that we're seeking aren't being -- are -- aren't

19  being produced, I think we would be at a -- at this point we

20  would, we would be in a pretty tight spot.  It wouldn't -- it's

21  not necessarily surprise, but we are being kind of prejudiced

22  by the fact that we don't have the, the documents that we need

23  to deal with that defense, but also, there is a -- I don't know

24  the justification for the delay.  This, you know, they've had

25  the file in their, in their hands for seven, eight, nine

1   months.  I can't remember exactly when they subbed in.  I would

2   imagine the first thing you do is look through the answer and I

3   know that when Mr., when Mr. Khoury's firm does file answers in

4   Jones Act cases they do assert that immediately.

5         So I'm not sure why it wouldn't have been done months

6   ago.

7         THE COURT:  Okay.  Well, I think that the, the issue

8   of the discovery requests is somewhat separate from the

9   question of whether or not leave should be granted to the non-

10   insurance defendant, or whomever is the appropriate

11   defendant -- I'm assuming --

12         MR. SHEPPARD:  right.

13         THE COURT:  -- it's REC Marine -- to assert the

14   McCorpen defense.  Because, you know, what I had planned to

15   tell you all and what I'm probably still going to tell you all

16   today is that until there is actually a claim or a defense to

17   which this information would be relevant, it's not discoverable

18   under Rule 26 and the fact that there may be a defense that is

19   asserted at some point in time, the same as if there may be a

20   claim that is asserted at some point in time, is not a basis to

21   obtain discovery.  But in light of Mr. Khoury's representations

22   that there is an intention to move for leave to add this -- and

23   I -- frankly, I'll be candid with you, I mean, the delay is

24   somewhat of a concern to me as well, but I'm not going to fully

25   explore that today because I don't have a motion for leave

pending before me.  I will say that I was a little bit
surprised because I could not tell from the briefing, I mean,
obviously, the easy thing to say would be, "We didn't assert
the defense.  We're not going to assert the defense.  So none
of this information is relevant."  The fact that they never
said that kind of made it clear to me that maybe there was an
expectation that, that a motion for leave was going to be
filed, but then wasn't, one wasn't even filed immediately in
connection with this motion.

So obviously, the delay is something that's going to
have to be addressed not just the delay from the time that
Mr. Khoury's firm entered the case, but the delay from the time
period that it was on my radar that the McCorpen defense might
be an issue and hadn't been actually pled.  Because, I mean,
obviously, we all know it was not in the answer, which was also
one of the things that I intended to discuss today, but
Mr. Khoury has acknowledged that it is, it has not been pled up
to this point.

So I, I don't think that the fact that you haven't
been given responses to the discovery requests is a basis for
opposing the motion for leave to amend because, to me, that
puts the cart before the horse.  You wouldn't get discovery on
these issues unless and until REC Marine is able to actually
assert the McCorpen defense, which hasn't been decided yet.

So if that is decided, then the other thing that I was

1  going to tell you today is, you know, obviously, then,

2  Mr. Khoury, your client needs to be prepared to answer some of

3  these questions, although I do agree that perhaps with regard

4  to GOL or Gulf Logistics those question are not relevant

5  because that's not actually the entities that are asserting the

6  defense. Presumably, it's only going to be REC Marine that's

7  asserting the McCorpen defense. And so some of these issues

8  related to materiality and the, the information that's being

9  sought related to that prong of the McCorpen defense would be

10 relevant only as to REC Marine.

11       So what I would suggest is that you all have a

12 discussion about whether or not there really is going to be an

13 objection. Because I understand that there was prior counsel,

14 I mean, there was counsel. So, I mean, it's not like this is a

15 situation where REC Marine was not counseled at the time, but,

16 you know, I also understand the importance of the defense. I

17 think that to the extent that there's any prejudice, it could

18 probably be alleviated by, you know, some degree of a

19 continuance to allow you all to conduct discovery related to

20 the McCorpen defense. And so, you know, that's kind of where I

21 am with regard to that issue.

22       But I think that you all should talk about both the

23 motion for leave to amend. See if you can reach an agreement

24 on that. And also, talk about then, okay, assuming that, you

25 know, this is, that you do reach an agreement and Mr. Sheppard

1  says, "Okay, fine," you know. "We're, we're going to let you

2  amend to assert the defense," then I think that the flipside of

3  that is going to be, Mr. Khoury, you're going to have to be

4  more reasonable about what your client is willing to provide in

5  terms of discovery of information that's related to the

6  defense. I think when I had the last conference with you all I

7  told you it's probably not going to be everything that's sought

8  because it seems like that's very broad, but I definitely think

9  that some discovery related to these issues is relevant to the

10 McCorpen defense and I'm, I'm certainly going to order some

11 degree of discovery related to the prongs of the defense.

12        MR. SHEPPARD:  Understood, your Honor.

13        THE COURT:  Okay.

14        So what I'm going to do for now, I'm going to deny the

15 motion on the basis that the defense hasn't actually been

16 asserted yet without prejudice to reurging it when and if the

17 defense is asserted and, and you all go through the conferral

18 process related to trying to narrow some of these issues down.

19        So it is denied for purposes of today, but I think

20 I've provided you with enough guidance to kind of know where I

21 might be going on some of these issues that lie ahead of us.

22        MR. KHOURY:  Yeah.  Judge, just so, I mean, maybe if

23 we could obtain the benefit of your, your thoughts just

24 generally on the production of, of, you know, non-party medical

25 information and how you deal with that in the past, whether you

1  just require -- obviously, it's, we're very hesitant to produce

2  anything that's going to identify someone and their medical

3  records.

4       THE COURT:  Uh-huh (indicating an affirmative

5  response).

6       MR. KHOURY:  And -- and -- and, and I know that the

7  plaintiff has agreed to, to redaction of some of that

8  information, but at the same time, you know, the issue is the

9  materiality of a, of a McCorpen defense and I think the

10 plaintiff's theory is that if, you know, REC Marine in the past

11 had hired someone who had a pre-existing condition, that they

12 also would have hired him and I just don't think that that is,

13 is a, a leap that you can make.

14      So to me, it just seems -- and, and also, it's -- it's

15 -- it's also not narrowed down to the type of injury that the

16 plaintiff had --

17      THE COURT:  Okay.

18      MR. KHOURY:  -- the kind of employee he had.  They're

19 just asking for anyone who disclosed any type of medical

20 condition who was employed.  That could include captains.  The

21 plaintiff was a deckhand, not a captain.  I mean, it, if we

22 could just have some guidance on how you've maybe dealt with

23 this in the past, if you have, so we know how we sort of

24 negotiate this.

25      THE COURT:  Well, I haven't dealt with this specific

1  issue in the past, but, I mean, I can tell you that immediately

2  -- and that's kind of to the point I was making earlier about

3  the breadth of these requests -- I mean, I don't disagree with

4  Mr. Khoury.  To me, at the very least you should start with

5  people or employees who had similar injuries to the pre-

6  existing injury that is alleged that Mr. Griffin had and people

7  who were working in the same kind of job.  Because I think that

8  would be most relevant to the question of whether or not, you

9  know, if you hired other people who had these types of pre-

10 existing injuries, you would have been likely to also hire him.

11        So I think that it needs to certainly be narrowed in

12 those ways if -- and once you get that information,

13 Mr. Sheppard, if that information then prompts you to think

14 that there is something additional that you want or would need,

15 then I think you can better articulate, "Okay.  This is what

16 we've gotten.  This is why we think maybe some additional

17 information is relevant or would be helpful or beneficial," and

18 then I can make a better determination about it.  But when it's

19 just sort of everything about everybody, you know, that, that

20 does --

21        MR. SHEPPARD:  Right.

22        THE COURT:  -- seem a lot more problematic.

23        With regard to the, the health information, is there a

24 protective order in this case?

25        MR. SHEPPARD:  There, there isn't yet.  We, we don't

1  have a problem entering into some sort of protective order and

2  we've, we've suggested that information just be redacted and

3  that, you know, you just have some sort of like Identifier 1,

4  Employee 2, so we know which records belong to which person.

5  That's kind of it.

6          THE COURT:  Uh-huh (indicating an affirmative

7  response).

8          MR. SHEPPARD:  As it relates to the injuries, as long

9  -- I guess we can limit our, further limit to, need to kind of

10 mull over it a little more, but, you know, similar, similar

11 injuries, as the Court has explained, with the folks that were

12 -- we had limited just the seamen, though, that were working

13 abord these sorts of vessels.

14         THE COURT:  I don't know -- I -- I honestly don't know

15 enough about working --

16         MR. SHEPPARD:  Oh.

17         THE COURT:  -- on these vessels to know like -- I'm

18 assuming that seamen is sort of a broad category of people and

19 then there are like people who are seamen, but also do

20 particular jobs on vessels.  And so what I'm looking for, I

21 think, at the outset is people who did the same job that

22 Mr. Griffin did on this vessel.  If there's a reason to go

23 beyond that after you get the first information, then, like I

24 said, I mean, I think that's something that we can potentially

25 talk about.

1     But it seems to me the most relevant is going to be

2 people who have similar injuries who were working the same job

3 as him.

4     MR. SHEPPARD:  Sure.

5     THE COURT:  Okay?  All right.

6     Any other questions?

7     And I think a protective order, I didn't remember

8 whether there was one in this case or not.  It seems to me that

9 either the redaction or the protective order or both, whatever,

10 whatever you all think is most appropriate.  But usually, with

11 regard to sort of protected health information one of, one of

12 those two things usually resolves anybody's concerns about

13 releasing, you know, other people's health information or any

14 other kind of information, you know, employee records, you

15 know.  We obviously have a lot of, a lot of situations where

16 information about other people is being requested and usually,

17 the protective order or redaction take care of any concerns

18 that anybody has about releasing that information.  Okay?

19     MR. SHEPPARD:  Understood.

20     MR. KHOURY:  Thank you, Judge.

21     THE COURT:  All right.  Anything else?

22     MR. SHEPPARD:  That's it, I think.

23     THE COURT:  Okay.  All right.

24     I'll issue a Minute Entry from this conference that

25 just explains the basis for the denial of the order and

1   summarizes what we've discussed and then we will go from there.

2        MR. SHEPPARD:  Great. Thank you, your Honor.

3        MR. KHOURY:  Thank you, Judge.

4        MR. DAVIS:  Thank you, Judge.

5        THE COURT:  All right.

6        Thank you, everyone.

7     (End of proceedings)

8

9

10

11                        CERTIFICATE

12        I, court approved transcriber, certify that the

13  foregoing is a correct transcript from the official electronic

14  sound recording of the proceedings in the above-entitled

15  matter.

16  /s/ *Janice Russell*                    January 27, 2022

17  Janice Russell, Transcriber                Date

18

19

20

21

22

23

24

25



Exhibit F

| From: | Kyle Khoury <kyle.khoury@pjgglaw.com> |
| --- | --- |
| Sent: | Thursday, July 1, 2021 2:08 AM |
| To: | Daniel Sheppard |
| Cc: | John Sheppard; Salvador J. Pusateri; Cynthia Dugas; Alan Davis |
| Subject: | RE: McArthur Griffin v. REC Marine Logistics, LLC, et al. |

Daniel:

We will file the Motion to Amend as opposed.

I do not agree to your proposal regarding the scope of discovery. Twenty years of medical records of individuals who are not parties to this lawsuit for your claimed purpose of testing one particular element of the *McCorpen* defense is exceedingly unreasonable. You mention that the "look-back period" should be commensurate with the time period for which we have sought your client's medical records. Your client is the plaintiff in a lawsuit seeking damages for injuries to his shoulder, neck, back, legs, as well as "other body parts." Your client denied in formal discovery any recollection of "filing any other lawsuit for personal injuries." In his recorded statement he also denied ever being involved in a car accident wherein he was injured. Of course, your client has filed other lawsuits for personal injuries—at least two that we know of so far. He filed one in the 13th JDC in 1995 following a car accident, claiming "various injuries all of which necessitated extensive medical treatment from medical care providers, including ambulance service, doctors, hospitals, medical treatment, physical therapy, etc." In that lawsuit he alleged past and future medical expenses, and past and future loss of earnings. Mr. Griffin filed a second lawsuit in 2014 in the 15th JDC alleging that he was involved in a car accident which caused "severe and permanent injuries to the structure, tissues and musculature of his body, which injuries include, but are not limited to injuries to his lower back, back, and neck, along with other parts of his body." When your client applied to work for REC Marine only two years after the 2014 lawsuit, he specifically denied ever having "any motor vehicle accident...during the past five years."

The prior incidents discussed above, and the fact that your client is claiming over a million dollars in damages from my client provides significant justification for us obtaining years worth of your client's medical records. This is especially so if, as appears from his deposition, he intends to claim he has trouble remembering prior lawsuits filed by or on his behalf, injuries alleged therein, and medical treatment he may have received. In the words of the Federal Rules of Civil Procedure, I would say our discovery was "proportional to the needs of the case." I certainly don't think the same can be said of your request for medical records of non-parties going back 20 years, based on your hypothetical assumption that REC Marine may at some point in the future submit an Affidavit from an employee to support the materiality prong of a *McCorpen* defense. I would also note that your client did not have to do anything other than sign a medical authorization for us to obtain his medical records. We did all the legwork to obtain the documents we needed. By contrast, you are asking our client to search through hundreds, if not thousands, of employment files to see which employees or potential employees disclosed injuries. REC Marine has no way of doing this other than having numerous employees manually comb through potentially thousands of files. You and I both know this is unreasonable, and I can think of no other reason you would take such an unreasonable position other than to harass my client. Driving up the cost of litigation in this way does your client no favors.

Regarding a separate matter, in the event our client does produce any documents responsive to your request, such will only be produced by REC Marine. As discussed at the recent hearing and indicated in Magistrate Judge Wilder-Doomes' Order, REC Marine was the plaintiff's employer at the time of the accident, and the only party potentially liable for maintenance and cure. Accordingly, REC Marine is the only entity which could assert a *McCorpen* defense. Medical records of non-parties maintained by other entities will not be produced.

1

EXHIBIT
F

As for No. 5 below, should records be produced, my proposal remains that records would be produced for other deckhands. REC Marine does not have any job description for, and does not hire, unlicensed engineers. Moreover, your proposal to obtain the medical records of anyone hired by REC Marine who might be expected "to do manual labor" is far too broad and not proportional to the needs of the case. A captain may sometimes "do manual labor." However, the decision to hire or not hire a captain with prior injuries is significantly different than whether to hire a deckhand who performs a high amount of very demanding physical labor.

The Judge's recent Order requires us to meet and confer in an effort to resolve our differences. It doesn't seem we are going to reach common ground. However, I intend to comply with the Judge's instructions. I also intend to file our Motion for Leave to Amend by Friday. Please let me know what time you have tomorrow to discuss by phone. I will make myself available after hours if that is all that works for you.

**Kyle Khoury**
*Partner*
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC

Direct: (504) 620-2380
**Main:** (504) 620-2500
**Fax:** (504) 620-2510
1100 Poydras St., Ste. 2250
New Orleans, LA 70163
www.pjgglaw.com

Confidentiality Notice: The information contained in this email and any attachments may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender by return email and permanently delete the email and any attachments immediately. Please do not retain, copy, or use this email or any attachments for any purpose, nor disclose all or any part of its contents to any other person. Pusateri, Johnston, Guillot & Greenbaum, LLC operates as a limited liability company.

**From:** Daniel Sheppard <dsheppard@morrowsheppard.com>
**Sent:** Tuesday, June 29, 2021 9:58 AM
**To:** Kyle Khoury <kyle.khoury@pjgglaw.com>
**Cc:** John Sheppard <jsheppard@morrowsheppard.com>; Salvador J. Pusateri <salvador.pusateri@pjgglaw.com>; Cynthia Dugas <cynthia.dugas@pjgglaw.com>; Alan Davis <adavis@lawla.com>
**Subject:** RE: McArthur Griffin v. REC Marine Logistics, LLC, et al.

| EXTERNAL |
|---|

Kyle,

We are opposed to the amendment.

Further, the amendment issue is divorced from the scope of the *McCorpen*-related discovery that the Court has ordered if REC: (a) seeks leave to file an amended answer and (b) is granted leave to do so. Please see our comments and addition to the scope proposed by Defendants:

1. All names, addresses, social security numbers, telephone numbers, and other personal identifying information will be redacted. Agreed.
2. Plaintiff's requests shall be restricted to REC Marine, which is the only entity asserting a *McCorpen* defense. This would need to include any records in REC's care, custody, and/or control for companies that have merged with REC. For example, employees, like Plaintiff, that transferred to REC from some other company.

2

3. REC Marine will produce any responsive documents for the two-year period preceding April 25, 2018 (date of accident). The look-back period should be commensurate for the look-back periods demanded by the Defendants in its discovery of documents/materials concerning Plaintiff. Defendants demanded releases allowing them access to decades worth of medical information, a decade of employment information, etc. In that vein, Defendants have taken the position that a reasonable look-back period for Plaintiff's records is between 10 and 50 years. Plaintiff is agreeable to a 20 year look back period. It may be helpful to know the document retention policy for REC for this point.

4. Any documents produced will be limited to other individuals who disclosed injuries similar to the ones for which REC Marine is asserting a *McCorpen* defense. Agreed for initial discovery, to include prior vehicle accidents, impact incidents, slips and falls, neck injuries, back injuries, and any other injuries Defendant alleges are pre-existing. Not agreed for further discovery.

5. Any documents produced will be limited to other individuals holding the title of deckhand. Not agreed. The scope proposed by Defendants is less than the scope ordered by the Court. The Court ordered that "Discovery should initially be tailored to the pre-employment disclosures of REC Marine employees *in similar job positions…*" *See* Dkt. 75 at p.4. Initial discovery, therefore, should be for deckhands, unlicensed engineers, any other person expected to do manual labor, and other similar job positions. At a minimum, REC needs to expand the scope to any and all positions that require any of the duties listed in Blaine Russell's affidavits that are used as evidence to dismiss an injured seaman's claims for maintenance and/or cure (see below)

6. Responsive documents must be produced within 15 days of the Court granting leave to REC to file an amended answer.

7. Defendants will organize the document production by employee file and will put a divider between each employee

8. The divider will list each employee sequentially (e.g. employee 1, employee 2, employee 3, etc.).

9. The materials will be produced in native format and/or electronically.

8. The job duties of a deckhand include, but are not limited to, the following:

   a. Assisting with the transfer of personnel to and from offshore facilities by various means, including swing rope and personnel basket

   b. Lifting, carrying and handling heavy equipment, including face wires, shore lines, ratchets, etc.;

   c. Rigging up heavy cargo for transfer to and from offshore platforms;

   d. Maneuvering cargo on the deck of a vessel in various sea conditions;

   e. Climbing and/or descending ladders and/or stairs to access various areas of a vessel;

   f. Transferring between vessels;

   g. Performing routine maintenance and minor vessel repairs;

   h. Lifting and carrying objects weighing between 50 and 100 pounds; and

   i. Repetitive bending, stooping and other strenuous activities

*See* Exhibit 3 to Plaintiff's Amended Motion to Compel.

*PLEASE NOTE OUR NEW ADDRESS*

Daniel E. Sheppard

MORROW 🖤 SHEPPARD LLP
Trial Attorneys

Morrow & Sheppard LLP
5151 San Felipe Street, Suite 100
Houston, Texas 77056
T: 713-489-4815 F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

From: Kyle Khoury <kyle.khoury@pjgglaw.com>
Sent: Saturday, June 26, 2021 12:11 PM
To: Daniel Sheppard <dsheppard@morrowsheppard.com>
Cc: John Sheppard <jsheppard@morrowsheppard.com>; Salvador J. Pusateri <salvador.pusateri@pjgglaw.com>; Cynthia

Dugas <cynthia.dugas@pjgglaw.com>; Alan Davis <adavis@lawla.com>
Subject: FW: McArthur Griffin v. REC Marine Logistics, LLC, et al.

Daniel:

Following up on my email below. Please let me know. Thanks.

**Kyle Khoury**
*Partner*
Pusateri, Johnston, Guillot & Greenbaum, LLC

**Direct:** (504) 620-2380
**Main:** (504) 620-2500
**Fax:** (504) 620-2510
1100 Poydras St., Ste. 2250
New Orleans, LA 70163
www.pjgglaw.com

Confidentiality Notice: The information contained in this email and any attachments may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender by return email and permanently delete the email and any attachments immediately. Please do not retain, copy, or use this email or any attachments for any purpose, nor disclose all or any part of its contents to any other person. Pusateri, Johnston, Guillot & Greenbaum, LLC operates as a limited liability company.

From: Kyle Khoury
Sent: Thursday, June 24, 2021 1:29 PM
To: Daniel Sheppard <dsheppard@morrowsheppard.com>; John Sheppard <jsheppard@morrowsheppard.com>
Cc: Alan Davis <adavis@lawla.com>; Salvador J. Pusateri <salvador.pusateri@pjgglaw.com>; Cynthia Dugas <cynthia.dugas@pjgglaw.com>
Subject: McArthur Griffin v. REC Marine Logistics, LLC, et al.

Daniel:

In follow-up to the hearing this morning, please let me know if you will consent to the court granting leave for REC Marine to file an amended Answer asserting the *McCorpen* defense. I am attaching a copy of a decision by Judge Wilder-Doomes wherein she granted leave to a defendant to assert an affirmative defense under very similar circumstances. I think this decision and her comments at the hearing indicate she would be likely to grant a motion for leave to amend over any opposition, so I'm hoping we can avoid having to file a contested motion.

Given the Judge's comments this morning, it also appears she is inclined to order some discovery about pre-employment disclosures of prior medical conditions by other individuals hired by REC Marine. Accordingly, in exchange for plaintiff agreeing to allow REC Marine to amend its answer, I would propose that REC Marine will respond to plaintiff's discovery made the subject of the Motion to Compel with the following limitations:

1. All names, addresses, social security numbers, telephone numbers, and other personal identifying information will be redacted.
2. Plaintiff's requests shall be restricted to REC Marine, which is the only entity asserting a *McCorpen* defense
3. REC Marine will produce any responsive documents for the two-year period preceding April 25, 2018 (date of accident)
4. Any documents produced will be limited to other individuals who disclosed injuries similar to the ones for which REC Marine is asserting a *McCorpen* defense
5. Any documents produced will be limited to other individuals holding the title of deckhand

Let me know if this is agreeable. Thanks.

Kyle Khoury
*Partner*
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC



Direct: (504) 620-2380
Main: (504) 620-2500
Fax: (504) 620-2510
1100 Poydras St., Ste. 2250
New Orleans, LA 70163
www.pjgglaw.com

Confidentiality Notice: The information contained in this email and any attachments may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender by return email and permanently delete the email and any attachments immediately. Please do not retain, copy, or use this email or any attachments for any purpose, nor disclose all or any part of its contents to any other person. Pusateri, Johnston, Guillot & Greenbaum, LLC operates as a limited liability company.



**Exhibit G**

| | |
|---|---|
| **From:** | Kyle Khoury |
| **Sent:** | Wednesday, April 28, 2021 5:23 PM |
| **To:** | Elizabeth Arregui |
| **Subject:** | RE: 21.03.03 - RESP to RFPD (2nd Set) - REC, GOL, Gulf Offshore, and Offshore Transport Svcs..nrl |

Good to go. Please place my signature in the signature block and certificate of service. Ok to file after that. Thanks.

Kyle Khoury
*Partner*
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC

**Direct:** (504) 620-2380
**Main:** (504) 620-2500
**Fax:** (504) 620-2510
1100 Poydras St., Ste. 2250
New Orleans, LA 70163
**www.pjgglaw.com**

Confidentiality Notice: The information contained in this email and any attachments may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender by return email and permanently delete the email and any attachments immediately. Please do not retain, copy, or use this email or any attachments for any purpose, nor disclose all or any part of its contents to any other person. Pusateri, Johnston, Guillot & Greenbaum, LLC operates as a limited liability company.

**From:** Elizabeth Arregui <elizabeth.arregui@pjgglaw.com>
**Sent:** Wednesday, April 28, 2021 4:10 PM
**To:** Kyle Khoury <kyle.khoury@pjgglaw.com>
**Subject:** RE: 21.03.03 - RESP to RFPD (2nd Set) - REC, GOL, Gulf Offshore, and Offshore Transport Svcs..nrl

Kyle,

See edits and link.

https://pbgglaw-
my.sharepoint.com/:f:/p/elizabeth_arregui/EtNnu0Aoj_pGhsiVIIEeIHYBncFvqbjsO4Np4UJ7FfgX1A?e=3BbYtx

Elizabeth M. Arregui
*Paralegal*
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC

**Direct:** (504) 620-2171
**Main:** (504) 620-2500
**Fax:** (504) 620-2510
1100 Poydras St., Ste. 2250
New Orleans, LA 70163
www.pjgglaw.com

**From:** Kyle Khoury <kyle.khoury@pjgglaw.com>
**Sent:** Wednesday, April 28, 2021 3:44 PM

EXHIBIT
G

**To:** Elizabeth Arregui <elizabeth.arregui@pjgglaw.com>
**Subject:** 21.03.03 - RESP to RFPD (2nd Set) - REC, GOL, Gulf Offshore, and Offshore Transport Svcs..nrl

Liz:

These are our responses to plaintiff's supplemental discovery requests. Can you send me a link with the documents referenced in response to Request No. 1? The lawsuits I want to attach are the following:

1. Griffin v. Lewis Joles
2. Griffin v. Interstate Guaranty Ins. Co.

Also attach the COHS records again. I don't think we need to attach his personnel file again. Once I review the documents, I will have you place my signature on the discovery and send. Thanks.

Kyle Khoury
*Partner*
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC

**Direct:** (504) 620-2380
**Main:** (504) 620-2500
**Fax:** (504) 620-2510
1100 Poydras St., Ste. 2250
New Orleans, LA 70163
**www.pjgglaw.com**

Confidentiality Notice: The information contained in this email and any attachments may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender by return email and permanently delete the email and any attachments immediately. Please do not retain, copy, or use this email or any attachments for any purpose, nor disclose all or any part of its contents to any other person. Pusateri, Johnston, Guillot & Greenbaum, LLC operates as a limited liability company.



# Exhibit H

**Kyle Khoury**

| | |
|---|---|
| **From:** | enoticing@lamd.uscourts.gov |
| **Sent:** | Wednesday, April 28, 2021 5:12 PM |
| **To:** | Courtmail@lamd.uscourts.gov |
| **Subject:** | Activity in Case 3:20-cv-00092-BAJ-EWD Griffin v. REC Marine Logistics, LLC et al Motion to Compel |

EXTERNAL

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Middle District of Louisiana**

## Notice of Electronic Filing

The following transaction was entered by Sheppard, Daniel on 4/28/2021 at 5:11 PM CDT and filed on 4/28/2021

| | |
|---|---|
| **Case Name:** | Griffin v. REC Marine Logistics, LLC et al |
| **Case Number:** | 3:20-cv-00092-BAJ-EWD |
| **Filer:** | McArthur Griffin |
| **Document Number:** 63 | |

**Docket Text:**
**MOTION to Compel *Discovery Responses and to Strike the Non-Insurance Defendants' McCorpen Defense* by McArthur Griffin. (Attachments: # (1) Memorandum in Support, # (2) Exhibit, # (3) Exhibit, # (4) Exhibit, # (5) Exhibit, # (6) Exhibit, # (7) Exhibit, # (8) Exhibit, # (9) Exhibit, # (10) Exhibit, # (11) Exhibit, # (12) Exhibit, # (13) Exhibit, # (14) Exhibit)(Sheppard, Daniel)**

**3:20-cv-00092-BAJ-EWD Notice has been electronically mailed to:**

Alan R. Davis     adavis@lawla.com, cgaillard@lawla.com

Daniel Sheppard     dsheppard@morrowsheppard.com, jsheppard@morrowsheppard.com, msfiling@morrowsheppard.com, nmorrow@morrowsheppard.com

Kyle Andrew Khoury     kyle.khoury@pjgglaw.com, cynthia.dugas@pjgglaw.com, elizabeth.arregui@pbgglaw.com

Salvador Joseph Pusateri     Salvador.Pusateri@pbgglaw.com, cynthia.dugas@pjgglaw.com,

1

EXHIBIT
H

Elizabeth.Arregui@pbgglaw.com, harley.richard@pjgglaw.com, tricia.borne@pjgglaw.com

**3:20-cv-00092-BAJ-EWD Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-0
] [af152caa09325b0aa60ba77338396b9eab12aa869e56ef1eb637d041af7b652dfe9
9fba1df2ed22bd0daf2659c040a9ab3faf9ab9f17a2f36636d0ede14380ca]]
**Document description:**Memorandum in Support
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-1
] [2741545182d19f15123e0ce7a254018e615cd800a41cc8240b839964eebcde2e51f
2e3340f0345986e9c52a6919477f041fbafadf9d2456e056aa242224db6e9]]
**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-2
] [5360fe80e26271586cbab844e943a3294865e4ae1f967b2e6d24a8f30a3f73384a3
5ee60b1b2f220156559449f2924b409d4136f8a78222590d684d78df50b3b]]
**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-3
] [0bfe2161a92df8484d16d44433f1f14fac7bb17095e7f5fe883d10c7b056da885ba
0c6ecf80251a375396e811d97d0c7d9167460b92bf7d73487645835054171]]
**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-4
] [56992d3b2eb3d1dcd2090f581fb5803f712d100791e14da1ec079cfd0b8e354b8a0
8db9cb80ed26ac0bc5df7290b462230c2c7980a369df644a04bc079d5413c]]
**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-5
] [27bce4e50f78ae347939e97db9ea557dcf655505182764ef8f50ed43004bfcbe068
01cca571fa55a39d19687b71c48c50646f9700612c20775fa42633b159006]]
**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-6
] [ac587df55ba578fc20b676f332d979426cf837712f70edce8bcc7b7e0b6ed17426b
62bf0015dde51e8a56172292c19b6e175686d0889c823285947b7f1932c4f]]
**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-7

] [5f08852a70b539600ce112b1e939ff4f628335d1f69f74524a47e4ed8e75af2012a
346b2febe44eb20221162b497a17318682a8e26b6697c590659d8c06ad997]]
**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-8
] [7ffcccab08fa94df52151c6cb9900dd1612694194a2f336de135f91551c823556cc
236ac0aeec2e11ff5fa390c1066918e305fcddf6652cf9f4ff77ca7a5f9a4]]
**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-9
] [b8c77a79277f69bb923b4806629ecc3be5c2c4fc7b96bebaf3ed7d37cf60fc734c0
5580ea2a2b37ba4e68257b0498219ef74a33c5aac6a3ad275f95f72d5e9b7]]
**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-1
0] [122fad871b9a2690d424ec7efeaf4d6dbc6a813354c6885e832be1945018700fa8
0ce1802d57dc7cc1a7c18440034e9b1cedb45b084140689de339f18f68f008]]
**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-1
1] [aaa960ac6a395de412957d650ac6caa49017c669e3fe2fe548eefad8bd1a61f714
5b0da7f76ec1f15f50f0935d49feafb768d3d8ca786af4c73dc3118d210412]]
**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-1
2] [060ff5272d9748882338a9b5b1baf192b9ac1fd6f28a382f479f055ec66342e630
d8fbbd2a081301ba937b8968b7a1e0507c0126e85816022c00ddf73fdf5e0f]]
**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-1
3] [a03577dae723781b3a575f7a060dcd1645898231f852615403cdac69dd7d61d88f
e92bb2cc291f5170820c6a2386c5daed0c21a0aa7f9178c3add72019adf498]]
**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1077641870 [Date=4/28/2021] [FileNumber=2456201-1
4] [487f6fe586801e26005e692591ecf72b6ff80ded0f6f131dfadab3648314d0bbb5
37d1c27c893b4614b914b2c15a2b067e8a6a2a04c5fc1e1d1b7d7a0581a948]]

# Exhibit I

| | |
|---|---|
| **From:** | Elizabeth Arregui |
| **Sent:** | Wednesday, April 28, 2021 5:38 PM |
| **To:** | Daniel Sheppard; John Sheppard; Michele Hardy; msfiling |
| **Cc:** | Alan Davis; Kyle Khoury; Salvador J. Pusateri; Cynthia Dugas |
| **Subject:** | Griffin |
| **Attachments:** | 21.04.28 - REC RESP to 2nd Set of RFPD of PLNTF.pdf |

Counsel,
Attached please find REC Marine Logistics, LLC , GOL, LLC, Gulf Offshore Logistics, LLC, and Offshore Transport Services, LLC responses to the Second Set of Requests for Production of Documents. Thank you!

https://pbgglaw-
my.sharepoint.com/:f:/p/elizabeth_arregui/EtNnu0Aoj_pGhsiVIIEeIHYBncFvqbjsO4Np4UJ7FfgX1A?e=3BbYtx

Elizabeth M. Arregui
*Paralegal*
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC

**Direct:** (504) 620-2171
**Main:** (504) 620-2500
**Fax:** (504) 620-2510
1100 Poydras St., Ste. 2250
New Orleans, LA 70163
www.pjgglaw.com

EXHIBIT

I